IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BASILIO RAIMUNDO MITCHELL,              No. CIV S-10-597-CMK-P

    Petitioner,

  vs.                                   ORDER

UNITED STATES OF AMERICA,

    Respondent.

_____/

        Petitioner, a state prisoner proceeding pro se, brings this apparent petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In a prior order, the court directed petitioner to clarify the nature of this action. The court stated:

> Petitioner's handwritten pleading is lengthy and difficult to discern. Attached to the pleading, however, is a December 14, 2009, order from the Solano County Superior Court which contains the following summary:
>
>> In a petition for a writ of habeas corpus filed with this Court on October 22, 2009, Petitioner Basilio Mitchell appears to complain about the conditions of confinement at California State Prison – Solano. From what can be gleaned from Petitioner's handwritten petition, it appears that Petitioner requests compensation for lost or stolen personal property and a transfer to some form of

1

> single cell housing.  It also seems that Petitioner may have suffered some adverse consequences from refusing a cell move ordered by prison authorities.
>
> Citing In re Dexter, 25 Cal.App.32 921, 925 (1979), the court denied the petition based on failure to exhaust administrative remedies.  As the state court observed, some component of petitioner's case seems to be a challenge to the conditions of his confinement (i.e., the request for single-cell status and request for compensation for lost property).  It also appears that there may be a component of petitioners case which challenges some kind of adverse consequence suffered as a result of a disciplinary violation.  To the extent the adverse consequence was a loss of good-time credits, the latter may present a claim relating to the duration of petitioner's confinement.
>
> * * *
>
> Because the court cannot discern conclusively whether this action presents claims relating to the conditions of confinement, the duration of confinement, or some combination of both, petitioner will be provided an opportunity to file an amended petition which only raises claims relating to the duration of his confinement.  In particular, petitioner is informed consistent with the standards outlined above that any claims related to the conditions of his confinement cannot proceed in this habeas action.  Such claims must be filed as a separate civil rights action under 42 U.S.C. § 1983.  If petitioner intended by the instant filing to present only civil rights claims challenging the conditions of confinement, he may accept voluntary dismissal of this action and proceed with a new action.  Failure to file an amended petition will be considered as petitioner's consent to voluntary dismissal of this action in favor of proceeding with a separately-filed civil rights action.

On April 2, 2010, petitioner filed an amended habeas corpus petition which appears to challenge only the fact or duration of his confinement arising from a 2005 conviction out of Sacramento County.  The amended petition will be addressed separately.

Petitioner has not paid the filing fee or filed a complete application to proceed in forma pauperis, along with a "certification from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution" as required by Rule 3(a)(2) of the Federal Rules Governing Section 2254 Cases, or paid the required filing fee.  See 28 U.S.C. §§ 1914(a), 1915(a).  Petitioner will be provided the opportunity to submit either a completed application to proceed in forma pauperis, with the required certification, or pay the appropriate filing fee.  As to the certification

requirement, while a copy of petitioner's prison trust account statement certified by prison officials is not required to satisfy the requirement, such a statement will suffice.  Petitioner is warned that failure to comply with this order may result in the dismissal of this action for lack of prosecution and failure to comply with court rules and orders.  See Local Rule 110.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner shall submit on the form provided by the Clerk of the Court, within 30 days from the date of this order, a complete application for leave to proceed in forma pauperis, with the certification required by Rule 3(a)(2), or pay the appropriate filing fee; and

2. The Clerk of the Court is directed to send petitioner a new form Application to Proceed In Forma Pauperis By a Prisoner.

DATED: April 12, 2010

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE