IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BASILIO RAIMUNDO MITCHELL,        No. CIV S-10-597-CMK-P

    Petitioner,

  vs.                                ORDER

UNITED STATES OF AMERICA,

    Respondent.

_____/

       Petitioner, a state prisoner proceeding pro se, brings this apparent petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  Pending before the court is petitioner's amended petition (Doc. 6).

       Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  In the instant case, it is plain that petitioner is not entitled to federal habeas relief on several of his claims.  According to petitioner, he is challenging a February 2005 conviction entered in the

---

[1] The matter was transferred to this court from the Ninth Circuit Court of Appeals, where the case was docketed as an original habeas petition.

Sacramento County Superior Court.  Petitioner states in the amended petition that he was convicted following his plea of no contest.  In the instant federal habeas action, petitioner argues: (1) "I did not kill whom the D.A. swears I killed"; (2) "I was given an added 4 years gun enhancement"; (3) "I was made to agree to deal of subtraction of pre-sentence credit of 3 years 9 months 7 days"; and (4) "The appeal was a failure."

A guilty plea, or plea of no contest, which is knowingly, intelligently, and voluntarily made, bars any right to later assert claims based on constitutional deprivations allegedly occurring prior to the plea.  See Lefkowitz v. Newsome, 420 U.S. 283, 288 (1975) (citing Brady v. United States, 397 U.S. 742 (1970); McMann v. Richardson, 397 U.S. 759 (1970); and Parker v. North Carolina, 397 U.S. 790 (1970)).  Thus, where the defendant pleads guilty or no contest, he may only challenge whether the plea was valid (i.e., knowing, intelligent, and voluntary).  See Tollett v. Henderson, 411 U.S. 258, 267 (1973); see also Mitchell v. Superior Court for Santa Clara County, 632 F.2d 767, 769-70 (9th Cir. 1980).  This rule is known as the "Tollett rule."

An exception to this rule may exist where state law permits a challenge to an adverse pre-trial ruling despite a later guilty plea.  See Lefkowitz, 420 U.S. at 288 (citing McMann, 397 U.S. at 766).  This is called the "Lefkowitz exception."  In California, a defendant may raise an issue on appeal despite a guilty plea if the defendant has filed a written statement with the trial court setting forth the grounds for the claim and the trial court has issued a certificate of probable cause for the appeal.  See Mitchell, 632 F.2d at 771 (citing Cal. Penal Code § 1237.5).  This rule, however, does not operate as an exception to the Tollett rule.  See Mitchell, 632 F.2d at 772.  The only Lefkowitz exception under California law is a statute permitting an appeal based on an alleged Fourth Amendment violation.  See id. at 771; see also Cal. Penal Code § 1538.5.  A conditional guilty plea does not fall under the Lefkowitz exception.  See Mitchell, 632 F.2d at 773.  Another exception to the Tollett rule exists where the challenge goes to "the power of the state to bring the defendant into court to answer the charges brought

1 against him." Journigan v. Duffy, 552 F.2d 283, (9th Cir. 1977) (citing Blackledge v. Perry, 417
2 U.S. 21, 30 (1974)). This is known as the "Journigan exception."

3 Thus, under the Tollett rule, a defendant who pleaded guilty or no contest may
4 only raise claims on federal habeas which challenge the validity of the plea or fall within either
5 the Lefkowitz or Journigan exceptions. Claims of ineffective assistance of counsel with respect
6 to the plea are permitted under the Tollett rule. See Tollett, 411 U.S. at 267 (citing McMann,
7 397 U.S. at 771). In this case, only one claim (at Ground Three) implicates the validity of
8 petitioner's no contest plea. Specifically, petitioner claims that his trial counsel was ineffective
9 for misadvising him with respect to agreeing to "subtraction of pre-sentence credit." Construed
10 liberally, this claim implicates the validity of the no contest plea. None of petitioner's other
11 claims, however, do so and are thus non-cognizable.

12 Another defect persists in petitioner's amended petition. "A petitioner for habeas
13 corpus relief must name the state officer having custody of him or her as the respondent to the
14 petition." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994); see also Rule
15 2(a), Federal Rules Governing Section 2254 Cases. In this case, petitioner names "United States
16 of America" as the respondent even though he also states that he is in state custody at the
17 California Men's Colony. Because petitioner has not named the appropriate state officer, the
18 petition must be dismissed with leave to amend to name the correct respondent. See Stanley, 21
19 F.3d at 360.

20 Petitioner will be provided an opportunity to file an amended petition which
21 names the correct respondent and omits non-cognizable claims.
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /

3

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's amended petition for writ of habeas corpus (Doc. 6) is dismissed with leave to amend;

2. Petitioner shall file an amended petition on the form employed by this court, and which names the proper respondent and states all claims and requests for relief, within 30 days of the date of this order; and

3. The Clerk of the Court is directed to send petitioner the court's form habeas corpus application.

DATED: May 28, 2010

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE