IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BASILIO RAIMUNDO MITCHELL,    No. CIV S-10-597-WBS-CMK-P

    Petitioner,

  vs.    FINDINGS AND RECOMMENDATIONS

T. GONZALEZ,

    Respondent.

_____/

    Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Pending before the court is respondent's motion to dismiss (Doc. 35) the petition as untimely.[2]

///

///

///

///

---

[1] The matter was transferred to this court from the Ninth Circuit Court of Appeals, where the case was docketed as an original habeas petition.

[2] Respondent also argues that petitioner's claims are all unexhausted.

1

## I. BACKGROUND

Petitioner pleaded no contest to one count of voluntary manslaughter on February 22, 2005, and was thereafter sentenced to a determinate term of 15 years in state prison. The California Court of Appeal affirmed the conviction and sentence on April 26, 2007. Petitioner did not seek direct review by the California Supreme Court. Petitioner then filed five state post-conviction actions as follows:

| | | |
|---|---|---|
| First Petition | Solano County Superior Court | Filed September 23, 2009 |
| | | Decided December 28, 2009 |
| Second Petition | Solano County Superior Court | Filed September 25, 2009 |
| | | Decided December 1, 2009 |
| Third Petition | Solano County Superior Court | Filed September 26, 2009 |
| | | Decided December 24, 2009 |
| Fourth Petition | Solano County Superior Court | Filed October 16, 2009 |
| | | Decided December 14, 2009 |
| Fifth Petition | Sacramento County Superior Court | Filed October 27, 2009 |
| | | Decided December 22, 2009 |

The instant federal petition was filed n December 17, 2009.

## II. DISCUSSION

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d). Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct

review. See 28 U.S.C. § 2244(d)(1). Where no petition for review by the California Supreme Court is filed, the conviction becomes final 40 days following the Court of Appeal's decision, and the limitations period begins running the following day. See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002).

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court. See 28 U.S.C. § 2244(d)(2). To be "properly filed," the application must be authorized by, and in compliance with, state law. See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 128 S.Ct. 2 (2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed). There is no tolling for the interval of time between post-conviction applications where the petitioner is not moving to the next higher appellate level of review. See Nino, 183 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001). There is also no tolling for the period between different sets of post-conviction applications. See Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003). Finally, the period between the conclusion of direct review and the filing of a state post-conviction application does not toll the limitations period. See Nino, 1983 F.3d at 1006-07.

In this case, the limitations period began to run the day after petitioner's conviction and sentence became final upon the conclusion of the time to seek direct review in the California Supreme Court, or on October 24, 2007. Absent tolling, the last day to file a federal petition was October 23, 2008. Because none of petitioner's post-conviction actions was filed within the limitations period, petitioner is not entitled to any statutory tolling for the time those actions were pending in state court. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). The instant federal petition – filed in 2009 – is untimely.

///

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that respondent's motion to dismiss (Doc. 35) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  May 12, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE